UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

AKEEM McKINNEY,

    Plaintiff,

v.

CITY OF ST. LOUIS, VERNON BETTS,
JEFF CARSON, JIMMIE EDWARDS,
and DALE GLASS,

    Defendants.

Cause No. 4:21-cv-00139

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW, Plaintiff Akeem McKinney, by and through his undersigned counsel, and brings this Complaint for damages against Defendants City of St. Louis, Vernon Betts, Jeff Carson, Jimmie Edwards, and Dale Glass, and states as follows:

## PARTIES

1. Plaintiff Akeem McKinney, at all times relevant to this lawsuit, was a resident of the City of St. Louis in Missouri.

2. Defendant City of St. Louis is a municipal corporation in the State of Missouri.

3. Defendant Vernon Betts is the Sheriff of the City of St. Louis. Defendant Betts is named in his individual capacity.

4. Defendant Jeff Carson is the Superintendent of the St. Louis Medium Security Institution. Defendant Carson is named in his individual capacity.

5. Defendant Jimmie Edwards is the Director of the Department of Public Safety of the City of St. Louis. Defendant Edwards is named in his individual capacity.

6. Defendant Dale Glass is the Commissioner of the Division of Corrections of the City of St. Louis. Defendant Glass is named in his individual capacity.

7. Defendants are now and, at all times relevant to this lawsuit, were residents or municipal entities of the State of Missouri.

## JURISDICTION AND VENUE

8. This lawsuit is a civil action arising under the Constitution of the United States of America and Missouri law.

9. The causes of action for this lawsuit arose in the City of St. Louis in Missouri, which is in the territorial jurisdiction of the Federal District Court of the Eastern District of Missouri.

10. The Federal District Court of the Eastern District of Missouri has original jurisdiction over the claims arising under the United States Constitution pursuant to 28 U.S.C. § 1331.

11. The Federal District Court of the Eastern District of Missouri has supplemental jurisdiction over the claim arising under Missouri law pursuant to 28 U.S.C. § 1367.

12. Venue is appropriate in the Federal District Court of the Eastern District of Missouri pursuant to 28 U.S.C. § 1391.

## FACTS

13. In or around February 2019, police officers with the St. Louis Metropolitan Police Department arrested Plaintiff Akeem McKinney.

14. Plaintiff was charged with five felonies by the City of St. Louis Circuit Attorney's Office.

15. Plaintiff was held at the St. Louis City Justice Center pending trial on a bond he could not afford to pay.

16. Plaintiff was represented in his criminal case by the St. Louis City Public Defender's Office.

17. On May 22, 2019, Plaintiff's case was dismissed by the court.

18. Despite his charges being dismissed, Plaintiff remained in the St. Louis City Justice Center.

19. Plaintiff was eventually released on or after May 28, 2019, without anyone telling him that he was detained despite his case being dismissed.

20. On or around April 2020, Plaintiff first learned that he was detained until on or after May 28, 2019 in St. Louis correctional facilities despite his charge being dismissed on May 22, 2019.

21. Defendants Betts, Carson, Edwards, and Glass have a responsibility to determine when people are supposed to be released from the custody of Defendant City of St. Louis and to provide for their immediate release.

22. Defendants have or had the responsibility to set policies, direct staff training, and establish patterns or practices of the City of St. Louis with respect to the incarceration and release of innocent citizens.

23. Aside from Plaintiff, other people residing in correctional institutions in St. Louis City were unlawfully detained after charges had been dropped against them, including other clients of the Missouri State Public Defender System.

24. The Office of the Missouri State Public Defender for the City of St. Louis informed Defendants that people were being wrongfully detained in correctional institutions in St. Louis City.

25. Defendants knew that innocent citizens were wrongfully incarcerated in the City of St. Louis.

26. Defendants knew that they had failed to establish effective release procedures to ensure that Plaintiff and other similarly situated innocent citizens would not be wrongfully

3

incarcerated.

27. Defendants knew that they had failed to properly train staff to ensure that Plaintiff and other similarly situated innocent citizens would not be wrongfully incarcerated.

28. Defendants' failure to establish effective release procedures caused Plaintiff to be wrongfully incarcerated.

29. Defendants' failure to properly train staff caused Plaintiff to be wrongfully incarcerated.

30. Defendants' establishment of a pattern or practice by which innocent citizens are wrongfully detained in City of St. Louis jails caused Plaintiff to be wrongfully incarcerated.

31. Defendants' actions wrongfully deprived Plaintiff of his freedom and due process.

32. Defendants' actions caused Plaintiff physical harm.

33. Defendants' actions caused Plaintiff severe emotional distress.

### COUNT I: VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS TO BE FREE FROM UNREASONABLE SEIZURE UNDER 42 U.S.C. § 1983

34. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

35. Count I applies to Defendants Betts, Carson, Edwards, and Glass, referred to as "Defendants" in Paragraphs 36-44.

36. Plaintiff was incarcerated for at least six days after the criminal charges against him were dismissed.

37. Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

38. Defendants failed to release Plaintiff from his imprisonment when his charges were dismissed.

39. Defendants were directly responsible for depriving Plaintiff of his freedom.

4

40. Defendants acted under color of state law.

41. Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure of his person.

42. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

43. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

44. Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### COUNT II: VIOLATION OF PLAINTIFF'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS UNDER 42 U.S.C. § 1983

45. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

46. Count II applies to Defendants Betts, Carson, Edwards, and Glass, referred to as "Defendants" in Paragraphs 47-55.

47. Plaintiff was incarcerated for at least six days after the criminal charges against him were dismissed.

48. Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

49. Defendants failed to release Plaintiff from his imprisonment when his charges were dismissed.

50. Defendants were directly responsible for depriving Plaintiff of his freedom.

5

51. Defendants acted under color of state law.

52. Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights by depriving him of his freedom without due process of law.

53. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

54. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

55. Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### COUNT III: FALSE IMPRISONMENT
### UNDER MISSOURI STATE LAW

56. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

57. Count III applies to Defendants Betts, Carson, Edwards, and Glass, referred to as "Defendants" in Paragraphs 58-64.

58. Plaintiff was incarcerated for at least six days after the criminal charges against him were dismissed.

59. Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

60. Defendants failed to release Plaintiff from his imprisonment when his charges were dismissed.

61. Defendants had no legal justification to confine Plaintiff after his charges were

6

dismissed.

62. Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of others.

63. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

64. Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### COUNT IV: FAILURE TO ESTABLISH POLICIES TO ENSURE CITIZENS WOULD NOT BE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983

65. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

66. Count IV applies to all Defendants named in this Complaint.

67. Plaintiff was incarcerated for at least six days after the criminal charges against him were dismissed.

68. Defendants failed to release Plaintiff from his imprisonment when his charges were dismissed.

69. Defendants acted under color of state law.

70. Defendants failed to use their authority to establish policies to ensure that Plaintiff and other similarly situated innocent citizens would be released from imprisonment when criminal charges were dismissed.

71. Defendants' failure to establish effective policies caused the violation of Plaintiff's

civil rights, as detailed in Counts I and II above.

72. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

73. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

74. Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### COUNT V: FAILURE TO TRAIN STAFF TO ENSURE CITIZENS WOULD NOT BE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983

75. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

76. Count V applies to all Defendants named in this Complaint.

77. Plaintiff was incarcerated for at least six days after the criminal charges against him were dismissed.

78. Defendants failed to release Plaintiff from his imprisonment when his charges were dismissed.

79. Defendants acted under color of state law.

80. Defendants failed to use their authority to properly train staff members to ensure that Plaintiff and other similarly situated innocent citizens would be released from imprisonment when criminal charges were dismissed.

81. Defendants' failure to properly train other staff members caused the violation of

8

Plaintiff's civil rights, as detailed in Counts I and II above.

82. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

83. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

84. Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### **COUNT VI: ESTABLISHMENT OF A PATTERN OR PRACTICE WHEREBY CITIZENS ARE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983**

85. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

86. Count VI applies to all Defendants.

87. Plaintiff was incarcerated for at least six days after the criminal charges against him were dismissed.

88. Defendants failed to release Plaintiff from his imprisonment when his charges were dismissed.

89. Defendants acted under color of state law.

90. Defendants, using their authority, have established a pattern or practice whereby Plaintiff and other similarly situated innocent citizens are kept imprisoned even when criminal charges are dismissed.

91. Defendants' establishment of this pattern or practice caused the violation of

Plaintiff's civil rights, as detailed in Counts I and II above.

92. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

93. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

94. Defendants also caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**NIEMEYER, GREBEL & KRUSE, LLC**

By: */s/Patrick A. Hamacher*
Patrick A. Hamacher  #63855MO
211 N. Broadway, Suite 2950
St. Louis, MO  63102
314-241-1919 phone
314-665-3017 fax
hamacher@ngklawfirm.com

/s/ *Elad Gross*
Elad Gross    #67125MO
5653 Southwest Ave.
St. Louis, MO 63139
314-753-9033 phone
Elad.J.Gross@gmail.com

10